[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-11386

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

BIENVENITO JUAN RUIZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:02-cr-20378-JAL-4

_____

Before JORDAN, JILL PRYOR, and BRASHER, Circuit Judges.

PER CURIAM:

Bienvenito Juan Ruiz appeals the district court's denial of his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), as amended by Section 603(b) of the First Step Act of 2018. Because the district court did not procedurally err in assuming—without deciding—that Mr. Ruiz presented extraordinary and compelling circumstances, and because the district court did not abuse its discretion in weighing the 18 U.S.C. § 3553(a) factors, we affirm.

I

On October 24, 2002, a jury found Mr. Ruiz guilty of conspiracy to possess with the intent to distribute more than 5 kilograms of cocaine, as well as attempting to possess with the intent to distribute more than 5 kilograms of cocaine. Because Mr. Ruiz had two prior convictions for felony drug offenses, the government sought and obtained an enhanced statutory penalty pursuant to 21 U.S.C. § 851. Consequently, Mr. Ruiz was subject to a mandatory term of life imprisonment, though his guidelines range was 360 months to life.

Mr. Ruiz first filed a compassionate release motion on January 28, 2020, but the district court denied this motion because he had failed to exhaust his administrative remedies as required by the statute. Mr. Ruiz filed a motion to reopen those proceedings on

September 21, 2020, which the district court construed as a renewed compassionate release motion.

In his motion and reply, Mr. Ruiz argued that he presented four extraordinary and compelling circumstances warranting a sentence reduction: (1) his advanced age—he is 68 years old—and degraded physical health; (2) his heightened risk of severe illness from COVID-19 given his age and medical conditions; (3) he would only be subject to a 25-year mandatory minimum sentence—as opposed to mandatory life—if sentenced today; and (4) he is the only person who could assist his daughter in taking care of his 70-year-old wife, who suffers from significant health issues.

The district court "assum[ed] arguendo that [Mr. Ruiz could] establish extraordinary and compelling reasons for a sentence reduction based on any or all of the reasons asserted in his Motion and Reply," but found that the § 3553(a) factors do not support a sentence reduction. D.E. 268 at 12. In its analysis, the court highlighted that (1) Mr. Ruiz's convictions involved an attempt to purchase 13 kilograms of cocaine that he believed had been stolen from a drug dealer in an armed robbery; (2) he had a history of involvement in large scale drug trafficking and recidivism; and (3) he failed to abide by institutional rules and exhibited "troubling behavior" while incarcerated, including threatening to harm a fellow inmate and stating that he would kill someone if released. *Id.* at 14. All in all, the court concluded that Mr. Ruiz's sentence, though severe, was sufficient and not greater than necessary under the circumstances.

## II

We review a district court's denial of a petitioner's § 3582(c)(1)(A) motion for abuse of discretion. *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021). A district court abuses its discretion when it applies an incorrect legal standard, applies the law in an incorrect or unreasonable fashion, fails to follow proper procedures in making a determination, or makes clearly erroneous factual findings. *Id.* The petitioner bears the burden of showing a sentence reduction is warranted. *United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013).

In general, a "court may not modify a term of imprisonment once it has been imposed" except under certain circumstances. 18 U.S.C. § 3582(c). Compassionate release allows for exceptions to that general rule if certain conditions are met, namely: (1) the sentencing factors in § 3553(a) weigh in favor of a reduction; (2) the reduction is consistent with applicable policy statements by the Sentencing Commission; and (3) "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A). *See also United States v. Tinker*, 14 F.4th 1234, 1237 (11th Cir. 2021). All three conditions are necessary and "the absence of even one would foreclose a sentence reduction." *Id.* at 1237–38.

The sentencing factors set forth in § 3553(a) include:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant; [and]

(2) the need for the sentence imposed—

(A) to reflect the seriousness of the offense, to pro-
mote respect for the law, and to provide just punish-
ment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the
defendant; and

(D) to provide the defendant with needed educational
or vocational training, medical care, or other correc-
tional treatment in the most effective manner . . . .

When a district court considers "all applicable" § 3553(a) factors, it
must provide enough analysis for meaningful appellate review.
*United States v. Cook*, 998 F.3d 1180, 1184–85 (11th Cir. 2021). But
the weight given each § 3553(a) factor lies within the district court's
sound discretion, and we will not substitute our judgment for that
of the district court. *United States v. Joseph*, 978 F.3d 1251, 1266
(11th Cir. 2020).

The applicable policy statement requires that the court de-
termine that "the defendant is not a danger to the safety of any
other person or to the community." U.S.S.G. § 1B1.13. The appli-
cation notes to § 1B1.13 list four categories of extraordinary and
compelling reasons: (A) the defendant's medical condition; (B) his
age; (C) his family circumstances; and (D) "other reasons." *Id.*,
cmt. (n.1(A)–(D)). We have held that "other reasons" were limited
to those determined by the Federal Bureau of Prisons, not by

6                    Opinion of the Court                    21-11386

courts. *United States v. Bryant*, 996 F.3d 1243, 1263 (11th Cir. 2021), *cert. denied*, 142 S. Ct. 583 (2021).

## III

We conclude that the district court did not err when it assumed arguendo that Mr. Ruiz had presented extraordinary and compelling circumstances warranting a sentencing reduction. Shortly after this case was fully briefed, we held in *Tinker* "that a district court doesn't procedurally err when it denies a request for compassionate release based on the § 3553(a) sentencing factors (or § 1B1.13's policy statement) without first explicitly determining whether the defendant could present 'extraordinary and compelling reasons.'" 14 F.4th at 1240. Given that "the absence of even one" of the three conditions necessary for relief "would foreclose a sentence reduction," the district court here did not err in focusing its analysis on one over the other, particularly where the court assumed an element of Mr. Ruiz's claim in his favor. *Id.* at 1237–38.

We also conclude that the district court did not abuse its discretion in denying Mr. Ruiz's motion. Mr. Ruiz argues that the court erred because it gave no weight to (1) his health and his risk for severe illness from COVID-19, (2) his need to care for his wife, (3) the need to avoid unwarranted sentencing disparities between individuals sentenced for the same crimes then and now, (4) his rehabilitation, and (5) the viability of alternative sentences such as home detention or supervised release. But failure to discuss any particular factor does not mean the district court gave it no weight. The district court must consider the § 3553(a) factors, but it

21-11386              Opinion of the Court                    7

"commits no reversible error by failing to articulate specifically the applicability—if any—of each of the section 3553(a) factors, as long as the record demonstrates that the pertinent factors were taken into account by the district court." *United States v. Eggersdorf*, 126 F.3d 1318, 1322 (11th Cir.1997). *See also United States v. Smith*, 568 F.3d 923, 927 (11th Cir. 2009) (same). Here, the district court assumed that all of Mr. Ruiz's proffered extraordinary and compelling circumstances were valid and recognized that his life sentence was "severe," but nevertheless found that it was sufficient but not greater than necessary to reflect the seriousness of the offense, provide just punishment, afford adequate deterrence to criminal conduct, and protect the public from potential future criminal conduct by Mr. Ruiz. D.E. 268 at 15.

Mr. Ruiz also argues that the court gave improper weight to his criminal history and prison disciplinary infractions. But this does not align with the district court's favorable assumption that Mr. Ruiz's circumstances are extraordinary and compelling. Nor does it take into account the district court's consideration of Mr. Ruiz's history of recidivism in conjunction with the nature of his crimes and his prison infractions. When reviewing for an abuse of discretion, we may not substitute our judgment for that of the district court as to how each § 3553(a) should be weighed. *Joseph*, 978 F.3d at 1266. The district court meaningfully explained its analysis of each § 3553(a) factor. *Cook*, 998 F.3d at 1184–85. Its decision was within the bounds of its discretion.

## IV

In sum, the district court did not err when it assumed—without explicitly finding—that Mr. Ruiz could present extraordinary and compelling reasons, and the district court did not abuse its discretion in finding that an analysis of the § 3553(a) factors weighed against granting Mr. Ruiz's motion for compassionate release. We affirm the denial of Mr. Ruiz's motion.

**AFFIRMED.**